UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIFFORD EATON,

                              Plaintiff,

                     -against-

INNOVIS DATA SOLUTIONS, INC.; TRANS UNION, LLC,

                              Defendants.

21-CV-0092 (VB)

ORDER OF SERVICE

---

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated in FCI Otisville, brings this *pro se* action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380 *et seq.*, alleging that Defendants repeatedly reported inaccurate information on his credit report. By order dated January 22, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Innovis Data Solutions, Inc., and Trans Union, LLC, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

3

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Innovis Data Solutions, Inc., and Trans Union, LLC, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: January 25, 2021
       White Plains, New York

                                          VINCENT L. BRICCETTI
                                          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Trans Union, LLC
   555 West Adams Street
   Chicago, IL 60661

2. Innovis Data Solutions, Inc.
   250 East Broad Street, Fl. 21
   Columbus, OH 43215